# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00051-MR-WCM-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| SAMUEL ZUNIGA MEDINA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Verified Motion for the Return of Seized or Stolen Money and Property. [Doc. 174].

## I. BACKGROUND

On October 17, 2016, the Defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. [Doc. 93]. The Defendant entered into a plea agreement containing various waivers and stipulations, including that "[w]ith regard to each and every asset listed in the Bill of Indictment[1] or seized in a related investigation or administrative, state,

---

[1] The Bill of Indictment contained a Notice of Forfeiture, which stated that the Grand Jury found probable cause that the $16,009 in U.S. Currency seized on March 1, 2016, from the Defendant was subject to forfeiture. [Doc. 14 at 6-7].

or local action the defendant stipulates and agrees" to "its forfeiture . . . in a separate administrative proceeding." [Doc. 89 at ¶ 9].

On September 16, 2019, the Defendant, proceeding *pro se*, filed a Verified Motion for the Return of Seized or Stolen Money and Property. [Doc. 174]. The Defendant requests the return of the following items that he claims were seized from him during his arrest on March 1, 2016: (1) $16,009 in U.S. Currency that was found inside a laptop computer bag in the vehicle; (2) $2,100 in U.S. Currency that was found in the Defendant's pockets; (3) two iPhones; and (4) a Patagonia jacket. [Doc. 176 at 1-2]. On September 26, 2019, the Government filed its Response in Opposition to Defendant's Verified Motion for the Return of Seized or Stolen Money and Property. [Doc. 176]. The Government claims that it only has possession of the $16,009 and the $2,100. [Id. at 9-10].

## II. STANDARD OF REVIEW

The Defendant does not cite any legal authority in his motion, but the Court is obligated to construe a pro se complaint liberally, "however inartfully pleaded[.]" Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540 (4th Cir. 2017) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). As such, the Court construes the Defendant's motion as one pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.

"Rule 41 may be utilized to commence a civil equitable proceeding to recover seized property that the government has retained after the end of a criminal case." United States v. Soza, 599 F. App'x 69, 70 (4th Cir. 2015) (citation and quotation omitted omitted). A motion under Rule 41 "is proper only if the property is in the possession of the United States." Id. Such a motion "is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues" or if the "consented to [the property's] forfeiture through his plea agreement." Id. (citation omitted).

## III. DISCUSSION

### A. $16,009 in U.S. Currency

The Defendant argues that there "was no forfeiture of any of the aforementioned items of property[,]" including the $16,009 in U.S. Currency. [Doc. 174 at 1]. A motion for return of property, however, will be denied if the Defendant consented to the forfeiture of the property. Soza, 599 F. App'x at 70.

In the plea agreement, the Defendant consented to forfeiture of "each and every asset listed in the Bill of Indictment." [Doc. 89 at 3]. The Bill of Indictment listed the $16,009 in U.S. Currency as "subject to forfeiture."

[Doc. 14 at 6-7]. Accordingly, the Defendant's motion will be denied with regard to the $16,009 in U.S. Currency because he consented to its forfeiture. See Soza, 599 F. App'x at 70.

**B.     $2,100 in U.S. Currency**

The Defendant argues that [t]he government has no entitlement to permanent detention of Defendant's property," including the $2,100 in U.S. Currency seized from his person during his arrest. [Doc. 174 at 1].

As noted in the Factual Basis, the $2,100 seized from the Defendant during his arrest was in fact "buy money" used by a confidential informant to purchase crystal methamphetamine from the Defendant. As such, the Defendant is not lawfully entitled to the return of those funds. See United States v. Rodriguez, No. 1:06-cr-4, 2009 WL 3698408, at *2 (W.D.N.C. Nov. 2, 2009) ("the Government may retain property if . . . the defendant fails to demonstrate that he is lawfully entitled to its return."). Therefore, the Defendant's motion will be denied with regard to the $2,100 seized from his person during his arrest.

**C.     Two iPhones**

In response to the Defendant's motion, the Government states that it is not in possession of any iPhones that were seized from the Defendant, but

that the Jackson County Sheriff's Office is in possession of a single iPhone that was seized from the car during the Defendant's arrest. [Doc. 176 at 10].

"[T]he government cannot be forced to return property that it never possessed." United States v. Puett, No. 1:08-cr-60, 2009 WL 5217059, at *1 (W.D.N.C. Dec. 30, 2009). As there is no indication that the iPhones are in the possession of federal authorities, the Defendant's motion for their return must be denied. As noted by the Government, however, the Defendant or his designee may seek the return of one iPhone from the Jackson County Sheriff's Office by providing proof of ownership of the iPhone. [See Doc. 176 at 10].

### D. Patagonia Jacket

In response to the Defendant's motion, the Government states that neither it nor the Jackson County Sheriff's Office has possession of a Patagonia jacket that was seized from the Defendant. [Doc. 176 at 10]. As noted above, "the federal government cannot be forced to return property that it never possessed." Puett, 2009 WL 5217059, at *1. Accordingly, the Defendant's motion will be denied with regard to the Patagonia jacket.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Verified Motion for the Return of Seized or Stolen Money and Property [Doc. 174]. is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 9, 2019

Martin Reidinger
United States District Judge