# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00051-MR-WCM-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SAMUEL ZUNIGA MEDINA, a/k/a ) | |
| "Ghost," ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release [Doc. 206]; the Government's Response to Defendant's Motion for Compassionate Release [Doc. 208]; and the Government's Motion to Seal Exhibit to Response [Doc. 210].

## I. BACKGROUND

In April 2017, the Defendant Samuel Zuniga Medina was convicted of one count of conspiracy to distribute a quantity of methamphetamine and sentenced to a term of 188 months' imprisonment. [Doc. 125]. The Defendant is currently housed at the Federal Satellite Low security prison

("FSL") adjacent to FCI Jesup, and his projected release date is August 3, 2029.[1]

The Defendant now moves the Court for a compassionate release, citing the ongoing COVID-19 pandemic. [Doc. 206]. The Court directed the Government to respond to the Defendant's motion. [Text-Only Order dated Feb. 16, 2021]. The Government filed its Response on March 18, 2021. [Doc. 208]. The Defendant thereafter filed a Reply. [Doc. 212].

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has

---

[1] See https://www.bop.gov/inmateloc/ (last visited April 26, 2021).

sufficiently exhausted his administrative remedies with BOP by requesting compassionate release from the Warden. [Doc. 208 at 23]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

3

>   (I) suffering from a serious physical or medical condition,
>
>   (II) suffering from a serious functional or cognitive impairment, or
>
>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).  This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release.  In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence.  See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)").  Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United

States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).  Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that he has a number of medical conditions—namely, obesity, hypertension, anxiety, and knee and shoulder pain—that place him at an increased risk of serious illness or death from COVID-19. [Doc. 206 at 5]. He further contends that the BOP is failing to control the spread of the virus or to protect the health and safety of its inmates. [Id. at 2-5].

The medical records submitted by the Government belie the Defendant's claims. A review of these records does not reveal the Defendant having any history of anxiety or knee and shoulder pain, either before entering or while in the BOP. [Doc. 209-1 at 8-34]. In any event, the CDC does not identify either of these conditions as a risk factor for serious illness from the virus that causes COVID-19.[2] Further, the BOP medical records do not suggest that the Defendant suffers from obesity. [Id.]. While the BOP

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2F coronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Apr. 26, 2021).

medical records indicate that the Defendant has hypertension, these records also indicate that this condition has been adequately monitored and is being treated with medication. [Id. at 8, 11-12].

Finally, despite the Defendant's argument to the contrary, the Court finds that the Federal Bureau of Prisons ("BOP") has taken significant measures to protect the health of its inmates. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, BOP has begun the process of vaccinating inmates, which will offer inmates further protection from the virus. Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained based on judicial orders.[3] Given BOP's efforts, the fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere

---

[3] The effects of these mitigation efforts in evident in the fact that FCI Jesup has had a total of 481 coronavirus cases among its inmate population and two deaths, but currently has only one positive case among its inmate population. See https://www.bop.gov/coronavirus/ (last visited Apr. 26, 2021).

6

existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was extremely serious. The Defendant pled guilty to participating in a conspiracy to distribute a significant amount of methamphetamine. As noted by the Government, the Defendant—in just one month—distributed and possessed with intent to distribute more than 7,500 individual user quantities of methamphetamine. [Doc. 208 at 41; see also Doc. 113: PSR at ¶ 74]. Additionally, the Defendant was subjected to a number of sentencing enhancements, for admittedly possessing two loaded firearms during the offense, for maintaining a premises for storing or distributing a controlled substance, and for making a credible threat to use violence against the DEA agent investigating his crimes. [Doc. 113: PSR at

¶¶ 72-74]. While the Defendant admittedly has a good record of institutional work history [see Doc. 206 at 15; Doc. 208 at 42], analysis of the relevant § 3553(a) sentencing factors—including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes—leads the Court to conclude that the pronounced sentence of 188 months continues to be appropriate. Further, the Defendant has completed less than one third of his required sentence. The Defendant's record during imprisonment is well outweighed by these other factors. Allowing his early release would create an unprecedented and unwarranted sentencing disparity with other similarly situated defendants within the District.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Compassionate Release is denied.

## B. Motion to Seal

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 209] filed in support of its Response to the Defendant's Motion for Sentence Reduction. [Doc. 210].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on March 18, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having

considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Compassionate Release [Doc. 206] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Exhibit to Response [Doc. 210] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 209] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: April 30, 2021

Martin Reidinger
Chief United States District Judge