THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00051-MR-WCM-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAMUEL ZUNIGA MEDINA, a/k/a ) <br> "Ghost," ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction in Sentence or Compassionate Release" [Doc. 218].

## I. BACKGROUND

In April 2017, the Defendant Samuel Zuniga Medina was convicted of one count of conspiracy to distribute a quantity of methamphetamine and sentenced to a term of 188 months' imprisonment. [Doc. 125]. The Defendant is currently housed at FPC Montgomery, and his projected release date is August 3, 2028.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last accessed May 24, 2024).

In February 2021, the Defendant filed his first motion for compassionate release, citing the ongoing COVID-19 pandemic. [Doc. 206]. The Court denied that motion. [Doc. 213]. In May 2024, the Defendant filed the present motion, again seeking compassionate release, but this time citing his medical conditions, his family circumstances, and his rehabilitative efforts. He also cites changes in sentencing law that, he contends, would result in a more favorable sentence if he were sentenced today. [Doc. 218].

**II. DISCUSSION**

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts that he has exhausted his administrative rights with the BOP; accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy statement also sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence, including: (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the defendant at least 65 years old, is experiencing a serious deterioration in

3

physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) certain family circumstances, such as the death or incapacitation of the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) where the defendant was a victim of abuse while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)-(6).

The Defendant first argues that he has a number of medical conditions—including hypertension, damaged teeth, dermatitis, follicular disorder, allergic rhinitis, headaches, and high cholesterol—that constitute extraordinary and compelling reasons for his release. [Doc. 218 at 2-3]. The Defendant, however, does not contend that any of these conditions substantially diminish his ability to provide self-care within the prison environment, see U.S.S.G. § 1B1.13(b)(1)(B), or that any of these conditions

4

require long-term or specialized medical care that is not being provided and without which the Defendant is at risk of serious deterioration in his health or death. Id. at § 1B1.13(b)(1)(C). While the Defendant argues that his hypertension places him at an increased risk for severe illness from COVID-19 [Doc. 218 at 3], he has presented no evidence that he is at a facility that is being affected, or is at imminent risk of being affected, by a COVID-19 outbreak or that his increased risk for severe illness cannot be adequately mitigated in a timely manner. See id. § 1B1.13(b)(1)(D).

The Defendant argues that certain family circumstances warrant his early release. Section 1B1.13 recognizes the following family circumstances as qualifying as extraordinary and compelling reasons for release:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

5

> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual….

U.S.S.G. § 1B1.13(b)(3). Here, the Defendant argues that his absence has created an "undue burden" on his wife in raising their two children, one of whom has been diagnosed with autism spectrum disorder. [Doc. 218 at 3]. The circumstances described by the Defendant, while no doubt difficult, do not meet the criteria set forth in § 1B1.13(b)(3) and in fact are no different than the challenges faced by any family when a parent is incarcerated.

The Defendant also cites his efforts at rehabilitation, his lack of disciplinary actions while incarcerated, and his proposed release plan as grounds for his early release. While the Defendant's rehabilitative efforts and behavior while in prison are commendable, his rehabilitation alone cannot serve as an extraordinary and compelling for a sentence reduction. See U.S.S.C. § 1B1.13(d).

Finally, the Defendant argues that, "under the new sentencing guidelines," he would have been sentenced using a different calculation of drug weight (i.e., without regard to the purity of the methamphetamine that

he was distributing). [Doc. 218 at 6]. The Defendant does not identify the new guideline that would allegedly afford him such relief. In any event, a change in the sentencing guidelines that has not been made retroactive cannot be considered an extraordinary and compelling reason for release. U.S.S.G. §§ 1B1.13(b)(6), (c).

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i). None of the grounds asserted by the Defendant, considered either singly or in combination, meet any of the criteria set forth in § 1B1.13(b) or are similar in gravity to those criteria. See id. § 1B1.13(b)(5). Accordingly, the Defendant's motion for compassionate release is denied.

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was extremely serious. The Defendant pled guilty to participating in a conspiracy to distribute a significant amount

of methamphetamine.  In just one month alone, the Defendant distributed and possessed with intent to distribute more than 7,500 individual user quantities of methamphetamine.  [Doc. 208 at 41; see also Doc. 113: PSR at ¶ 74].  Additionally, the Defendant was subjected to a number of sentencing enhancements, for admittedly possessing two loaded firearms during the offense, for maintaining a premises for storing or distributing a controlled substance, and for making a credible threat to use violence against the DEA agent investigating his crimes.  [Doc. 113: PSR at ¶¶ 72-74].  While the Defendant admittedly has a good disciplinary record and has completed a number of work assignments and programs, analysis of the relevant § 3553(a) sentencing factors—including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes—leads the Court to conclude that the pronounced sentence of 188 months continues to be appropriate.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant §

3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Compassionate Release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction in Sentence of Compassionate Release" [Doc. 218] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 27, 2024

Martin Reidinger
Chief United States District Judge